**DRUGAN, Plaintiff, v. FLALER, Dir. DEPARTMENT OF PUBLIC WORKS, Defendant.**

Common Pleas Court, Franklin County.

No. 192712. Decided November 9, 1956.

David E. Morgan, Columbus, for plaintiff.
C. William O'Neill, Atty Genl., Larry H. Snyder, Asst. Atty Genl., Columbus, for defendant.

## OPINION

By BARTLETT, J.

The pleadings and the evidence disclose that the plaintiff has operated since 1933, a stand in the State Office Building under various leases, for the vending of newspapers, confections, tobaccos, etc. On March 7, 1955, plaintiff received a letter from the defendant as Director of Public Works, advising her that her lease would expire on June 30, 1955; and would not be renewed; and on May 24, 1955, this defendant Director returned plaintiff's check for six months rent, and requested her to vacate the premises, as it was the intention of his department to give the canteen privileges of her stand to the Blind Commission of Ohio. Since then plaintiff has tendered to the clerk of this court her rent to November 1, 1956, as a tender of the amount due to the State of Ohio from her, for the privileges of the stand in question.

Counsel for the defendant admitted there was no complaint concerning the operation of the stand by the plaintiff, and the only reason for requesting that she vacate the premises, was the desire of the defendant and his department to give the privilege of the stand to the benefit of the blind.

This is an action for a declaratory judgment as to the right of plaintiff to remain in said premises and operate said stand, so long as she complies with any and all reasonable regulations of the State and pays her required rent.

In September, 1941, the General Assembly of Ohio enacted the present §5109.11 R. C. (formerly §1369-1 GC), which is as follows:

"Operation of newspaper and tobacco stands in public buildings by the blind.

"Whenever, in the judgment of the head of any department, board, agency, or governing body in charge of any state, county, or municipal building or property, it is desirable and proper to permit the operation of a stand as described in this section, such department head shall grant to the commission for the blind or any other welfare association for the blind, a permit to operate in such building or on such property, under its control, a stand for the vending of newspapers, periodicals, confections, tobacco products, and such other articles as may be approved by such department head. In buildings where a stand now exists, the present operator shall not be removed, but if and when such operator ceases to operate such stand the concession for further operation shall be granted to the commission or any other welfare association for the blind.

"No license fee, rental, or other charge shall be demanded, exacted, required or received for the granting of such permit."

"The line of demarcation between statutory provisions which are mandatory and those which are directory is not a clear one, and it is therefore difficult to lay down any general rule as to when the provi-

sions of a statute are merely directory, and when mandatory or imperative. In other words, no precise or universal rule can be given. Whether a statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act—its nature, its character, its reason, its object, and its subject-matter, as well as the language used." **37 O. Jur. Statutes, Sec. 28, p. 324.**

The use of the word "shall" is usually interpreted to make the provision in which it is contained mandatory. **37 O. Jur. Statutes, Sec. 29, p. 326,** and numerous cases cited.

"The state expresses its will by means of statutes enacted by the general assembly." **37 O. Jur. Statutes, Sec. 2, p. 298.**

A statute has been called a rule of action prescribed by the supreme power in a state, which all persons, within the sphere of its operation, are compelled to obey. **Milan and R. Pl. Road Co. v. Husted, 3 Oh St 578.**

"In the absence of a legislative declaration to the contrary and in the absence of any constitutional restriction, a right conferred by statute is taken away by the repeal of the statute. A fortiori, an express provision in the new statute which makes it applicable to rights previously acquired is followed in the absence of the applicability of any constitutional inhibition." **37 O. Jur. Statutes, Sec. 189, p. 436.**

Counsel for the defendant apparently rest their defense on the theory that the defendant has the right to refuse a renewal of plaintiff's lease, and since her last lease has expired, the defendant has the right to oust the plaintiff from the premises occupied by her concession stand.

Counsel for the plaintiff depend on the mandate of the statute, supra, that "the present operator shall not be removed," lease or no lease.

Counsel for the defendant contend that a literal interpretation of the statute would produce a totally absurd result, since the plaintiff would thereby acquire a perpetual lease on the premises. "In determining whether an ambiguous statutory provision is intended to be mandatory or directory, it is sometimes proper to take into consideration the consequences which would result from construing it one way or the other." **37 O. Jur. Statutes, Sec. 35, p. 332; State, ex rel. Smith v. Barnett, 109 Oh St 246.**

However, there appears no ambiguity in the plain words of the statute that "the present operator shall not be removed," and the result portended by counsel for the defendant does not necessarily follow from the application of the ordinary meaning of the words chosen by the sovereign in formulating the statute in question. If proper consideration is given to the spirit and purpose of this statute, commendable results are attained. One must remember that this statute expresses the will of a benevolent sovereign rather than a harsh despot. While it seeks to serve the worthy cause of aid to the blind, in the same benign spirit it affords protection to those persons, such as the plaintiff, whom the state has already intrusted with the possession of such concession stands, and thus has encouraged the incurring of expenses and assuming of obligations, not only to make these ventures profitable to themselves, but desirable to the public.

The dean of this court, Judge Reynolds, in his opinion overruling the demurrer to the plaintiff's petition in the instant case, held that if plaintiff's right in the premises depended upon a lease, it would seem that the statute should have expressly provided "at the expiration of existing lease the concession for further operation shall be granted to the commission." In other words, plaintiff's right in the premises does not depend upon a lease, but is a statutory right, bestowed upon her by the General Assembly of Ohio.

"In the absence of a legislative declaration to the contrary and in the absence of any constitutional restriction, a right conferred by statute is taken away by the repeal of the statute."

**State, ex rel. Shafer v. Washington Twp., 24 Oh St 603; 37 O. Jur. Statutes, Sec. 189, p. 436.**

In other words, the General Assembly, having conferred on the plaintiff the right to remain in the premises and to operate her stand, may, by subsequent legislation, modify or terminate such right; and consequently, this construction of the statute does not result in a perpetual lease which is not favored by the law, as stated by J. Stewart in the case of **Wilgus et al, v. Horvath et al, 162 Oh St 75, 84.**

See also **Hallock v. Kintzler, Jr., 142 Oh St 287.**

Instead of creating a perpetual lease, the right conferred on the plaintiff by the statute, is in the nature of an estate or tenancy by will, to have and to hold at the will of the sovereign state itself, as expressed by legislation enacted by the General Assembly.

"An estate at will is an estate so created as to continue during the will of the parties. It may be created by express grant, or by implication of law; and, generally, whenever a person is let into land by the owner thereof, without the grant of a freehold interest or of a certain term, and not under circumstances which show an intention to create an estate from year to year, * * *, the person so let in has an estate at will." Robinson's Elementary Law, Sec. 95, p. 55; 2 Blackstone's Commentaries, pp. 140-150.

"A tenant at will has no certain indefeasible estate, nothing that can be assigned by him to any other, because the lessor may determine his will, and put him out whenever he pleases." **Say v. Stoddard, 27 Oh St 478; 20 O. Jur. (2d) Estates, Sec. 109, p. 348.**

However, this authority to put the plaintiff out rests with the General Assembly.

The mandate of the statute that, "the present operator shall not be removed," is a direct command to the defendant Director not to interfere with the right of the plaintiff to operate such stand; and, therefore a permanent injunction is hereby allowed the plaintiff, restraining the defendant Director and his successors, from ousting her from the premises or interferring with her operation of said concession stand, so long as plaintiff pays the required rent and complies with any and all reasonable regulations imposed by the State. Entry accordingly with exceptions by counsel for the defendant Director.