HAAS *v.* CURRY, REGISTRAR, BUREAU OF MOTOR VEHICLES.

(No. 2639—Decided November 12, 1974.)

Maumee Municipal Court.

*Mr. John J. Schlageter, Jr.*, for plaintiff.
*Mr. James Turner*, assistant prosecutor, for defendant.

FULOP, J. Petitioner filed his petition to show cause why his operator's license should not be suspended by the Bureau of Motor Vehicles. In the hearing on the matter petitioner stated that the Registrar failed to send him a warning letter as required per R. C. 4507.40(J). The attorney for the state Bureau of Motor Vehicles agrees that no notice was sent.

The only issue raised in this case is, does the word "shall" in R. C. 4507.40(J) impose a mandatory duty upon the Registrar to send a notice?

This court thinks that it does impose a mandatory duty on the Registrar.

R. C. 4507.40(J) states: "Whenever the points charged

against any person equals one-half or more of the total number of points for which a license may be suspended under this section, the Registrar *shall* forward to such person at his last known address, via regular mail, a warning letter listing the reported violations along with the number of points charged for each, and outlining the suspension provision of this section." (Emphasis added.)

R. C. 4507.40(L) is also affected: "Any person who has charged against him more than five and not more than eleven points, may, for the purpose of obtaining a deletion of two points from his driving record, enroll for one time only in a course of remedial driving instructions, as approved by the Director of Highway Safety. * * *"

The Ohio Supreme Court in *Dennison* v. *Dennison* (1956), 165 Ohio St. 146, 149, construed the word "shall" in another statute:

"* * * [I]n some instances the word 'may,' [in a statute] must be construed to mean 'shall,' and 'shall' must be construed to mean 'may,' in such cases the intention that they shall be so construed must clearly appear. Ordinarily, the word, 'shall,' is a mandatory one, whereas 'may,' denotes the granting of discretion."

The intent of the two sections involved here was to allow any driver who amassed 5 to 11 points the opportunity to attend a traffic school and thereby erase at least two points from his record. The Registrar's failure to notify the defendant here that he had at least 5 points on his record denied him a right, the opportunity to delete two points and correct his driving habits. The word "shall" as used in R. C. 4507.40(J) imposes a mandatory duty on the Registrar to notify a driver that he has more than five points on his driving record, and allow that driver the opportunity under R. C. 4507.40(L) to erase two points from his record by attending traffic school. The Registrar's failure to do so with the defendant in this case was an error and the suspension in this case by the Registrar is rendered invalid. The defendant is allowed a reasonable time to complete an approved traffic school, as required under R. C. 4507.40(L), with the right to erase two points from his driving record.

*So ordered.*