DANIEL *v.* DOLLISON, REGISTRAR.

(No. M79-CV-H-704—Decided May 2, 1979.)

Franklin County Municipal Court.

*Mr. James C. Thompson,* for plaintiff.
*Mr. Ronald J. O'Brien,* city prosecutor, for defendant.

WEST, J. The Registrar of Motor Vehicles, upon determining that Jeffrey S. Daniel had charged against him a total of twelve points for traffic violations within a period of two years from the date of the first conviction, notified Daniel his driver's license would be suspended for six months effective on the twentieth day after mailing the notice. Within the twenty day period, Daniel filed his petition with this court pursuant to R. C. 4507.40(K) alleging he could show cause why his driving privileges should not be suspended.

There is no dispute about the facts which were presented to a Referee of this court, who found the Registrar had failed to comply with the mandate of R. C. 4507.40(J) requiring the Registrar of Motor Vehicles to send an immediate warning letter to any person who accrues more than five traffic violation points within a two year period. The Referee's Report recommended the petition be sustained on the authority of *Jacob* v. *Curry* (1975), 42 Ohio St. 2d 145. The Registrar objects to the Referee's Report and recommendation, asserting they are contrary to law and not supported by the evidence.

Daniel was convicted of offenses December 27, 1976, and April 21, 1977, on each of which he was charged with two traffic violation points. On October 18, 1978, he was convicted of reckless operation and charged with four points more.

The Registrar sent Daniel a six point warning letter

December 11, 1978, but by that time Daniel had accumulated twelve points as a result of additional traffic violation convictions on November 2, 1978. The notice of the six month suspension of his driver's license was received by Daniel on December 23, 1978.

Crucial to the determination of this case is the question: What is the time requirement imposed upon the Registrar of Motor Vehicles by R. C. 4507.40(J)? This section reads:

"Whenever the points charged against any person exceeds five, the registrar shall forward to the person at his last known address, via regular mail, a warning letter listing the reported violations, along with the number of points charged for each, and outlining the suspension provision of this section."

The main purpose of the mandatory warning appears to be to allow a driver to avail himself of the remedy in R. C. 4507.40(L) which provides:

"Any person who has charged against him more than five and not more than eleven points, may, for the purpose of obtaining a deletion of two points from his driving record, enroll for one time only in a course of remedial driving instruction, as approved by the director of highway safety. Such deletion, subject to successful completion of an approved remedial driving course, shall be approved by the registrar of motor vehicles."

The Ohio Supreme Court in *Jacob* v. *Curry, supra,* ruled R. C. 4507.40(J) requires, as a condition precedent to a point suspension, that the Registrar of Motor Vehicles send an immediate warning letter to any person who is credited with accruing more than five traffic law violation points within a 2 year period. In that case no warning letter had been sent. Now we must decide what is "immediate" within the purview of *Jacob* v. *Curry* when a warning letter is sent.

A court, pursuant to R. C. 4507.40(B), has 10 days after a conviction or bond forfeiture on a traffic violation to send to the Bureau of Motor Vehicles a certified abstract of the record of the case. R. C. 4507.40(F) gives the Bureau 10 days after receiving such an abstract to record it. Ob-

viously it takes a reasonable time for mail to reach the Bureau and for the clerical process of preparing and mailing a warning letter. .

In the case before us 54 days elapsed from the convictiontion October 18, 1978, which resulted in the accrual of more than five points, to the date the warning letter was mailed, December 11, 1978.

The law as determined in *Jacob* v. *Curry, supra,* has a ridiculous result in this case because only 15 days elapsed between the conviction which caused Daniel to accumulate more than five points and the convictions which brought his point total to twelve. Even if there had been an immediate warning it would have been too late for Daniel to try to obtain deletion of two points for he had already accumulated more than eleven points. It is to be hoped that the Ohio Supreme Court or the Legislature will reexamine the problem of the 6 point warning letter. Until they do, we are obliged to follow *Jacob* v. *Curry.*

As a condition precedent to suspension of a person's driver's license for an accumulation of twelve traffic violation points, the Registrar of Motor Vehicles must have first complied with R. C. 4507.40(J) by sending an immediate warning letter to that person after he had been credited with an accrual of more than five traffic law violation points.

A warning letter sent by the Registrar to a driver 54 days after his conviction which resulted in an accumulation of more than five traffic violation points fails to comply with the mandatory requirement of R. C. 4507.40(J) that the Registrar send an immediate warning letter to such person.

The objections to the Referee's Report are overruled. The Referee's Report is approved, the court finding petitioner has shown cause why his license should not be suspended.

*Judgment accordingly.*