GRAHAM, APPELLEE, *v.* DOLLISON, REGISTRAR, OHIO BUREAU OF MOTOR VEHICLES, APPELLANT.

(No. 80AP-14—Decided May 13, 1980.)

*Wiles, Doucher, Tressler & VanBuren Co., L.P.A.,* and *Mr. W. Charles Curley,* for appellee.

*Mr. Gregory S. Lashutka,* city attorney, and *Mr. Ronald J. O'Brien,* city prosecutor, for appellant.

MOYER, J.  This matter is before us upon the appeal of defendant-appellant, Dean L. Dollison, the Registrar of Motor Vehicles, from a judgment of the Franklin County Municipal Court sustaining objections to a referee's report

and reinstating plaintiff-appellee's suspended driving privileges for the reason that the registrar failed to give plaintiff, Stephen D. Graham, an "immediate" warning letter as required by R. C. 4507.40(J).

The undisputed facts are set forth in a "Statement of the Evidence and Proceedings" prepared by counsel for both parties following the judgment of the trial court.

Plaintiff received two points on his driving record on December 29, 1977, February 21, 1978, and March 9, 1978, totaling six points. The citations were for disobeying a traffic-control device, disobeying a stop sign, and improper passing, respectively.

On June 25, 1978, approximately 108 days after plaintiff had accumulated the sixth point on his driving record, the registrar mailed a warning letter, pursuant to R. C. 4507.40(J), to the plaintiff.

The warning letter was followed by plaintiff's violation of a speed limit on September 11, 1978, for which he received two points on his record on September 20, 1978. He was convicted for speeding, again, on October 13, 1978, and assessed two more points. At this time, plaintiff's unlawful driving had earned him a total of ten points.

Plaintiff then completed a remedial driving course pursuant to R. C. 4507.40(L), after which two points were deleted from his driving record. However, six days following completion of the course, he was convicted of another speeding violation for which he received two points; and on June 11, 1979, he received two more points for a one-way traffic violation. In less than one and one-half years, plaintiff had received a total of 14 points on his driving record and, on June 11, 1979, had a total of 12 points because of the two-point deletion.

The matter was heard by a referee, who recommended a suspension of plaintiff's driving privileges, with limited driving privileges granted during the suspension. However, the trial court sustained plaintiff's objections to the referee's recommendation, upon the trial court's finding that the registrar had failed to give plaintiff an "immediate" warning letter as required by R. C. 4507.40(J).

The registrar, appellant herein, raises the following assignments of error in support of his appeal:

"1. Since the registrar, within a two-year period, had

mailed a warning letter to the petitioner [plaintiff] after the points charged against him had exceeded five, but had not yet reached twelve, the trial court erred in finding that the registrar had not complied with the provisions of R. C. §4507.40(J).

"2. Since the warning letter was mailed and received after the accumulation in excess of five points on petitioner's driving record, and [since] petitioner completed a remedial driving course before the accumulation of twelve points, petitioner had waived his objections to any argument of timeliness of the warning letter, and the trial court erred in finding that the registrar had not complied with R. C. §4507.40(J)."

This appeal presents the issue of whether a driver's suspended driving privileges must be reinstated, where the failure of the Registrar of Motor Vehicles to send an immediate warning letter to said driver, upon his accumulation of more than five points, does not result in any prejudice to the driver.

R. C. 4507.40(J) provides as follows:

"Whenever the points charged against any person exceed five, the registrar shall forward to the person at his last known address, via regular mail, a warning letter listing the reported violations, along with the number of points charged for each, and outlining the suspension provision of this section."

In the case of *Jacob* v. *Curry* (1975), 42 Ohio St. 2d 145, the Supreme Court, in its syllabus, held that, where *no* notice had been sent by the Registrar of Motor Vehicles pursuant to R. C. 4507.40(J), the statute requires that:

"***[T]he Registrar of Motor Vehicles send an immediate warning letter to any person who is credited with accruing more than five traffic law violation points within a two-year period (or more than 11 such points within a ten-year period), and compliance therewith by the Registrar is a condition precedent to license suspension proceedings under R. C. 4507.40(K)."

The Supreme Court did not have before it the question before us in this case. The registrar in *Jacob, supra,* had sent no notice to the driver, and the court emphasized the intended effect of its insistence that a warning letter be mailed, by its observation at page 147, that the registrar's "compliance with subsection (J) will now serve to advise a driver that the plateau has been reached at which two points may be erased

from the record upon the driver attending traffic school." In the case before us, plaintiff did attend the driving school pursuant to R. C. 4507.40(L) following his receipt of the warning letter. Plaintiff argues that, if a warning letter is not sent within a reasonable time following the conviction which gives the driver more than five points, the driver's license cannot be suspended. We disagree. The purpose of the warning letter is to inform a driver, whose driving habits cause him or her to accumulate more than five points within a two-year period, of the suspension provisions of the statute, which includes notification that a driving school is available to the driver for which he may reduce two of his accumulated points. While not expressly stated in the statute, another purpose is to encourage the driver to improve his driving abilities for his protection and for the protection of others.

It is a well-established rule of law that certain acts required by law to be done are imperative where they are the essence of the things so required and are essential to accomplish the object and intent of the law. Those that do not relate to the essence, compliance with which is merely a matter of convenience rather than substance, are directory. *State, ex rel. Jones,* v. *Farrar* (1946), 146 Ohio St. 467; *Abate* v. *Pioneer Mutual Casualty Co.* (1970), 22 Ohio St. 2d 161.

R. C. 4507.40(J) makes mandatory the mailing of a warning letter to a person charged with more than five traffic violation points. It does not require the letter to be mailed within any designated period of time. The Supreme Court's holding in *Jacob, supra,* that the registrar send an immediate warning letter, is directory because it is not the essence of the law in question. A literal application of the word "immediate" would produce an unreasonable result in most cases because of the time required to inform the bureau of the conviction and the time reasonably required by the bureau to review the driver's record and prepare and mail the letter.

The Bureau of Motor Vehicles has ten days from receipt of the record of conviction to record the conviction. R. C. 4507.40(F). R. C. 4507.40(B) gives the trial court ten days within which to send to the bureau a certified abstract of the record of the conviction. In addition to this 20-day period of time, in a case in which a motion for a new trial is made, additional time would be allowed the bureau before it could be ex-

pected to send a timely six-point warning letter. Therefore, the word "immediate" in the syllabus of *Jacob, supra,* must be construed to be directory.

The most important distinction between this case and *Jacob, supra,* is that, in this case, although the registrar's letter was not timely mailed, plaintiff was not thereby prejudiced. He received no convictions for additional offenses between the time he exceeded five points and the time of the receipt of his letter. Therefore, it cannot be argued that, if he had received the letter earlier, he would have changed his driving habits and not acquired more points. Plaintiff accumulated 14 points in one and one-half years; eight of the points were earned after he received the six-point warning letter and four were earned after his participation in the driving school. To hold that his license must be reinstated because the registrar did not give him timely notice of his driving record, of which he must have been aware, would be to completely disregard the interest of every driver and pedestrian with whom plaintiff may come into contact.

As we recently held in *Pinkston* v. *Bureau of Motor Vehicles* (case No. 79AP-756, February 28, 1980), unreported, where the registrar failed to timely mail the six-point warning letter, "plaintiff has demonstrated no prejudice resulting to him as a result of such failure." Plaintiff has cited the case of *Daniel* v. *Dollison* (1979), 59 Ohio Misc. 99, in support of his argument. Because the holding in that case is inconsistent with this decision, *Daniel* is expressly disapproved. The registrar's first assignment of error is well taken and is sustained.

Because we find that plaintiff did not waive any argument as to the timeliness of the letter, upon completing the driving course, the registrar's second assignment of error is not well taken and is overruled.

For the foregoing reasons, the judgement of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and McCORMAC, JJ., concur.