**John L. McCLAIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5740.**

Court of Appeals of Alaska.

March 18, 1982.

Deborah Paquette, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

John McClain has appealed to this court from a conviction for driving with a suspended license in violation of AS 28.15.-291(a). McClain entered a *nolo contendere* plea to the charge, preserving his right to appeal under *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974) and *Oveson v. Anchorage*, 574 P.2d 801 (Alaska 1978).

On January 9, 1980, McClain was charged with driving while his license was suspended. McClain's license was suspended by the

---

Department of Motor Vehicles due to accumulation of points under the state's point system for traffic violations, AS 28.15.221 —.261. The parties stipulated that McClain received notice of his license suspension on November 13, 1979. The notice informed McClain of his right to a hearing if he wished to contest the suspension. The notice also informed him that suspension was to begin on December 4, 1979, and continue for a period of three months.

McClain contends on appeal that his license was not validly suspended because he did not receive notice from the Department of Motor Vehicles pursuant to AS 28.15.231(a) after he had accumulated against his driving record more than 50% of the points required to suspend his license. That statute reads in pertinent part:

> *Assessment of points, driver improvement interview.* (a) Notice of each assessment of points may be given, but notice shall be given when the point accumulation reaches 50 per cent of the number at which suspension, revocation or denial is required under § 221(b) of this chapter. . . .

The parties stipulated that no "midpoint" notice was sent to McClain.

McClain argues that the statute requires midpoint notice to be given and that without the midpoint notice, the suspension of his driver's license was invalid. McClain contends he was, therefore, improperly convicted for driving while his license was suspended.

 We hold that failure of the Department of Motor Vehicles to send a midpoint notice pursuant to AS 28.15.231(a) cannot be raised as a defense in a prosecution for driving with a suspended license under AS 28.15.291(a). We specifically do not decide whether failure of the Department of Motor Vehicles to comply with AS 28.15.231(a) would prevent suspension of a driver's license, if this failure were raised in an administrative hearing to decide whether to suspend a driver's license. Aside from the fact that this court lacks jurisdiction to decide the matter, we believe the decision is best left in the first instance to the administrative agency. *See Municipality of Anchorage v. Brown,* 626 P.2d 116 (Alaska App.1981).

McClain cites *Jacob v. Curry,* 42 Ohio St.2d 145, 326 N.E.2d 672 (1975), and *Haas v. Curry,* 42 Ohio Misc. 1, 325 N.E.2d 566 (1974), for the proposition that the state must prove that a midpoint notice was given before a license can be suspended. Ohio has a statutory point system very similar to the Alaska system. The Ohio court in those cases did rule that proof that a midpoint warning had been sent out was a prerequisite to a license revocation. However, we note that the Ohio cases arose in the context of a court hearing where the sole issue was whether a driver's license should be suspended. The issue was not raised in a situation similar to the case at bar, where the license had been suspended and the defendant was defending a charge of driving with a suspended license on the ground that his license had not been validly suspended. We believe that it is better policy to require a person who has not received a midpoint notice to raise this defense in an administrative hearing to contest whether his license should be suspended. He may appeal from any adverse ruling of the administrative agency. Assuming that it is a valid objection to the suspension of a driver's license that no midpoint notice was received, we see no reason to encourage a person to bypass the administrative hearing, have his license suspended, and then drive with the knowledge that if he is apprehended he can raise in the criminal proceeding the failure of the state to provide a midpoint notice. The judgment is AFFIRMED.