McDowell et al. *v.* McCullion, Registrar of Motor Vehicles.

(Nos. 83 CV 23700 and -28235—Decided October 7, 1983.)

Hamilton County Municipal Court.

*Mr. Bruce Erik Latter,* for plaintiff McDowell in case No. 83 CV 23700.
*Mr. Gary E. Wolosin,* for plaintiff Goard in case No. 83 CV 28235.
*Mr. W. Glenn Forrester,* for defendant in case No. 83 CV 23700.

*Mr. Rodney Prince,* for defendant in case No. 83 CV 28235.

Hogan, J. These cases were called for trial on October 4, 1983 and were consolidated for decision because each presents the identical issue and in each case the matter was submitted to the court upon the certified driving record of the plaintiffs, Gary L. McDowell and George E. Goard, as obtained from the defendant, Registrar of Motor Vehicles.

The issue to be resolved upon the facts in each respective case is whether or not the defendant sent an *immediate* warning letter after the accumulation of six points to plaintiffs as required by R.C. 4507.40(J). In each case, this court finds that the defendant's action was immediate.

The bureau's records in the *McDowell* case show a two-point conviction on July 16, 1981, another on December 8, 1981, and a third on May 7, 1982. The bureau's records also show that the six-point warning letter was mailed on July 21, 1982. Plaintiff accumulated his twelfth point on June 24, 1982 and the notice of suspension was mailed on July 6, 1983 and received by plaintiff on July 8, 1983.

The bureau's records in the *Goard* case show a two-point conviction on March 5, 1982, another on December 15, 1982, and a third on March 13, 1983. The bureau's records show that a six-point warning letter was mailed on June 29, 1983. Plaintiff accumulated his twelfth point on March 30, 1983 and the notice of suspension was mailed on August 17, 1983 and received by plaintiff on August 19, 1983.

R.C. 4507.40(J) states as follows:

"Whenever the points charged against any person exceed five, the registrar shall forward to the person at his last known address, via regular mail, a warning letter listing the reported violations, along with the number of points charged for each, and outlining the suspension provisons of this section."

Counsel for the plaintiffs have cited five authorities for the position they take in these cases. These are: *Jacob* v. *Curry* (1975), 42 Ohio St. 2d 145 [71 O.O.2d 118]; *Daniel* v. *Dollison* (1979), 59 Ohio Misc. 99 [27 O.O.2d 90]; *Haas* v. *Curry* (1974), 42 Ohio Misc. 1 [71 O.O.2d 30]; *State* v. *Hansbro* (1980), 15 O.O. 3d 306; and *Graham* v. *Dollison* (1980), 64 Ohio App. 2d 1 [18 O.O.3d 1].

The *Haas* case stands for the proposition that a mandatory duty is imposed upon the registrar to send a warning letter to a person who has accumulated more than five points. That this duty was performed by the defendant is not contested by either plaintiff and the record before us demonstrates that the defendant performed that duty. In short, the case is of no value to the disposition of the matter at hand.

The *Jacob* case stands for the proposition that the mailing of a six-point warning letter is a condition precedent to the validity of a Bureau of Motor Vehicles ("BMV") suspension for points. It is important to note that the term *immediate* does not appear in the pertinent statute and its use first appeared in Ohio law as a result of the syllabus in *Jacob* v. *Curry:*

"R.C. 4507.40(J) requires that the Registrar of Motor Vehicles send an *immediate* warning letter to any person who is credited with accruing more than five traffic law violation points within a two-year period * * *." (Emphasis added.)

The immediacy of the warning letter was not directly in issue, however, because the BMV sent no warning letter at all.

Although *State* v. *Hansbro* is of no help in resolving the issue before this court, *Daniel* v. *Dollison, supra,* is directly on point. In *Daniel,* the six-point warning letter was sent fifty-four days after the plaintiff accumulated his sixth point. The trial court, apparently feeling that the immediacy requirement of *Jacob* was mandatory, rather than directory, held that the fifty-four-day period was not immediate and reinstated plaintiff's driving privileges.

A contrary result was reached in *Graham* v. *Dollison, supra,* wherein a lapse of one hundred eight days intervened between the plaintiff's accumulation of his sixth point and the mailing of the six-point warning letter. The reviewing court in *Graham* found the immediacy requirement of *Jacob* to be directory, rather than mandatory, and affirmed the BMV's action in suspending the plaintiff's driving rights. The Franklin County Court of Appeals, however, made it clear that the result would have been different had the plaintiff been prejudiced by the BMV's delay. This court accepts Judge Moyer's sound reasoning in *Graham* and will apply that law to the facts herein.

Returning now to the facts of the two cases before us, we find that McDowell received his twelfth point on June 24, 1982. The six-point warning letter was mailed on July 21, 1982, twenty-seven days after receipt of his twelfth point. In the *Goard* case, the facts are quite similar. Goard received his twelfth point on March 30, 1983. The six-point warning letter was sent by the BMV on June 29, 1983, ninety-one days after receipt of his twelfth point.

A superficial argument can be made that both plaintiffs were prejudiced by the BMV's delay in that neither had the opportunity to take a remedial driving course or to alter his driving habits since neither was notified by the BMV until after he had accumulated twelve points. Had there been no previous six-point warning letters sent, this court would agree. However, in each case, a previous six-point warning letter was sent by the BMV, on April 1, 1981 in the *McDowell* case, and on September 30, 1981 in the *Goard* case. This negates any prejudice to either plaintiff because the prior letter informed the plaintiff in each case of the status of his driving record at that time, and presumably, each is able to calculate his point total within a two-year period

from that point. The letter also informed each plaintiff of his right to eliminate two points by attending a driver instruction course and that if the point total reached twelve within a two-year period, a license suspension would result.

Since neither plaintiff has demonstrated that he has been prejudiced by the failure of the BMV to send a more prompt warning letter, judgment is entered in each case for the defendant registrar.

*Judgment for defendant.*