MESSER v. MCCULLION, REGISTRAR, BUREAU OF MOTOR VEHICLES.

(No. 85 CV 13091—Decided November 19, 1985.)

Hamilton County Municipal Court.

*Dale G. Schmidt,* for plaintiff.
*James B. Harrison,* for defendant.

SHERMAN, J. Defendant, Registrar of Motor Vehicles, notified plaintiff, Jack A. Messer, that his driver's license was suspended under the twelve-point provision of R.C. 4507.40(K). Within twenty days plaintiff filed a petition in this court to set the suspension aside. The certified copy of the registrar's record of plaintiff's convictions provided pursuant to R.C. 4507.40(N) failed to name the court of one of the convictions listed, but rather referred to the court as "unknown."

The issue to be resolved in this case is whether compliance by the registrar with the requirement under R.C. 4507.40(N), that the licensee's record include the name of the court in which each conviction took place, is a condition precedent to the imposition of a suspen-sion under R.C. 4507.40(K). This court finds that it is.

R.C. 4507.40(N) states in part as follows:

"The registrar shall upon written request of a licensee petitioning under division (K) of this section, furnish the licensee a copy of the registrar's record of the convictions and bond forfeitures of the person certified by the registrar. This record shall include the name, ad-dress, and birthdate of the person so charged; the number of his operator's or chauffeur's license; the name of the court in which each conviction or bail forfeiture took place; * * *."

Defendant contends that the re-quirements imposed on the registrar by R.C. 4507.40(N) are directory rather than mandatory, unless it can be shown that the licensee was prejudiced by the registrar's omission. Defendant con-tends that because there has been no showing of prejudice in this case, the re-quirement of naming the court of each conviction is merely directory. Defen-dant relies upon *McDowell* v. *McCullion* (M.C. 1983), 11 Ohio Misc. 2d 23, to sup-port this contention.

The defendant's position is not sup-ported by the *McDowell* case. The Hamilton County Municipal Court in *McDowell* discusses and follows *Jacob* v. *Curry* (1975), 42 Ohio St. 2d 145 [71 O.O.2d 118], and *Graham* v. *Dollison* (1980), 64 Ohio App. 2d 1 [18 O.O.3d 1]. The Ohio Supreme Court in *Jacob* v. *Curry* held that under R.C. 4507.40(J), the Registrar of Motor Vehicles is re-quired to send an immediate warning letter to any person who is credited with accruing more than five traffic law viola-tion points within a two-year period; this being a condition precedent to a valid license suspension under R.C. 4507.40 (K). In *Graham* v. *Dollison,* the Franklin County Court of Appeals found the im-mediacy requirement of *Jacob* to be directory rather than mandatory. This distinction was made because the term

"immediate" is not in the statute but was added in the language of the *Jacob* decision. *McDowell* adheres to the reasoning in *Graham* and concludes that the immediacy requirement judicially invoked by *Jacob* v. *Curry* is directory rather than mandatory. This reasoning does not negate the underlying principle established in *Jacob* that compliance with the statutory language of R.C. 4507.40(J) is mandatory and a condition precedent to a valid license suspension under R.C. 4507.40(K).

The decision in *Jacob* is applicable to this case. The statutory language in R.C. 4507.40(N) is clear and likewise mandatory. The registrar must provide the name of the court in which each conviction took place. Compliance with this requirement is a condition precedent to a valid license suspension under R.C. 4507.40(K).

An additional claim made by defendant in this case is that R.C. 4507.40(N) requires the licensee to make a written request for a copy of his record and that plaintiff has failed to do so. The record in this case reveals a letter from the registrar to the plaintiff which reads as follows: "We are enclosing a copy of the record of violations on file in the Bureau of Motor Vehicles as requested in the petition filed in the above referenced court." Based upon this letter, defendant is estopped to deny that a proper request was made by the plaintiff.

Defendant's failure to comply with R.C. 4507.40(N) renders the suspension invalid. It is hereby set aside.

*Judgment accordingly.*