OPINION *Page 2 
{¶ 1} Petitioner-appellant The Metrich Enforcement Unit appeals the December 22, 2006 Judgment Entry of the Richland County Court of Common Pleas dismissing a forfeiture petition in favor of Respondent-appellee Philip Devoe.
 STATEMENT OF THE CASE {¶ 2} On February 17, 2006, the Metrich Enforcement Unit filed a petition for forfeiture, pursuant to R.C. Section 2933.43, seeking the forfeiture of Appellee's 2001 Lexus RX 300. The petition alleged Appellee used the vehicle to deliver gasoline used in committing arson.
 {¶ 3} On March 16, 2006, Appellee was indicted by the Richland County Grand Jury for conspiracy to commit arson, a fourth degree felon, and conspiracy to commit arson, a fifth degree felony. On April 12, 2006, the Richland County Court of Common Pleas stayed the forfeiture action pending conclusion of Appellee's criminal charges.
 {¶ 4} On June 21, 2006, Appellee was indicted on federal charges of conspiracy to commit arson. On June 28, 2006, the State of Ohio dismissed the state criminal charges against Appellee. On July 12, 2006, Appellee filed a motion seeking dismissal of the forfeiture petition and return of the vehicle.
 {¶ 5} On September 13, 2006, Appellee entered a plea of guilty to the federal conspiracy to commit arson charge.
 {¶ 6} On October 9, 2006, the trial court magistrate recommended dismissal of the forfeiture petition. On December 22, 2006, the trial court, via Judgment Entry, overruled Appellant's objections to the Magistrate's recommendation.
 {¶ 7} Appellant now appeals, assigning as its sole error: *Page 3 
 {¶ 8} "I. THE TRIAL COURT ERRED IN DISMISSING THE FORFEITURE PETITION."
 {¶ 9} Ohio Revised Code Section 2933.43(C) governs forfeiture proceedings, and states:
 {¶ 10} "(c) If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiturehearing shall be held under this section unless the person pleads guiltyto or is convicted of the commission of, or an attempt or conspiracy tocommit, the offense or a different offense arising out of the same factsand circumstances or unless the person admits or is adjudicated to havecommitted the administrative violation or a different violation arisingout of the same facts and circumstances; a forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction or the admission or adjudication of the violation, unless the time for the hearing is extended by the court for good cause shown. The owner of any property seized because of its relationship to an underlying criminal offense or administrative violation may request the court to release the property to the owner. Upon receipt of a request of that nature, if the court determines that the property is not needed as evidence in the underlying criminal case or administrative proceeding, the court may permit the release of the property to the owner. As a condition precedent to a release of that nature, the court may require the owner to execute a bond with the court. Any bond so required shall have sufficient sureties approved by the court, shall be in a sum equal to the value of the property, as determined by the court, and shall be conditioned upon the return of the property to the court if the property is forfeited under *Page 4 
this section. Any property seized because of its relationship to anunderlying criminal offense or administrative violation shall bereturned to its owner if charges are not filed in relation to thatunderlying offense or violation within thirty days after the seizure, ifcharges of that nature are filed and subsequently are dismissed, or ifcharges of that nature are filed and the person charged does not pleadguilty to and is not convicted of the offense or does not admit and isnot found to have committed the violation." {¶ 11} (Emphasis added.)
 {¶ 12} Initially, we note, forfeitures of property are generally disfavored by the law, and when possible an individual's property rights are preferred over forfeiture statutes. Dept. Of Liquor Control v. Sonsof Italy Lodge 0917 (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368. Further, forfeiture under R.C. 2933.43 is a criminal penalty. As a consequence, the rules of statutory construction require the language of R.C. 2933.43 to be strictly construed against the state and in favor of the defendant. State v. Casalicchio (1991), 58 Ohio St.3d 178.
 {¶ 13} In Casalicchio, supra, the Supreme Court of Ohio was required to decide whether forfeiture of property ruled contraband pursuant to R.C. 2933.42(B) constituted a separate criminal penalty in addition to the penalty an accused faces for conviction of the underlying felony. The court determined such a forfeiture constitutes a criminal penalty. Specifically, the court reasoned:
 {¶ 14} "In holding that R.C. 1531.20 provided a civil penalty, we found it relevant that the forfeiture provisions did not require a criminal conviction and could be brought against property even though a third party and not the property owner unlawfully utilized the property. * * * Forfeiture of R.C. 2933.42(B) contraband pursuant to R.C.2933.43, *Page 5 however, requires a conviction for a felony prior to forfeiture and insulates innocent lien holders and property owners from loss." (Emphasis added.) Id. at 182, 569 N.E.2d at 921.
 {¶ 15} When strictly construing the statue in favor of Appellee, we hold the statue requires return of the seized automobile to Appellee under two of the three possible circumstances set forth in the statute. First, the State charges that were filed against Appellee were subsequently dismissed. Second, the federal charges were not filed within thirty days of the seizure.
 {¶ 16} Accordingly, we find the trial court did not err in dismissing Appellant's forfeiture petition.
 {¶ 17} The December 22, 2006 Judgment Entry of the Richland County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 22, 2006 Judgment Entry of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1