**PAGE, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellee.**

Common Pleas Court, Franklin County.

No. 188994.   Decided March 5, 1954.

Robert G. Farmer, Columbus, for appellant.
C. William O'Neill, Atty. Genl., Columbus, for appellee.

## OPINION

By CLIFFORD, J.

This appeal arises from an order of the Board of Liquor Control denying appellant's application for a new Class D-5 liquor permit. In order to determine the validity of this denial the Court is required to construe the meaning of Regulation 11, Section I of Regulation 12 and Section II of Regulation 65 of the Board of Liquor Control. The applicable parts of these Regulations are as follows:

### "REGULATION NO. 11

"When in any county, city or village the quota for Class D-3, D-4, or D-5 permits shall have been filled, the department shall notify the applicant that such quota is filled and return to the applicant the permit fee upon request of the applicant, providing such request include an authorization to cancel and withdraw the application. Upon the cancellation, revocation or surrender of any permit or failure of a person holding a permit to re-apply for another permit of the same class in such quota-filled location, applications shall then be processed in the order in which same were filed and pending by the department until the quota is again filled.

"Upon expiration of a permit, however, preference shall be accorded to the holder of the expiring permit."

"REGULATION 12—Section I

"* * *

"All applications for all classes of permits shall be processed and either approved or rejected within forty-five (45) days from the date of filing, and notice of such action shall be sent to the applicant within said period of time. Failure of the Department to do so within said period of time shall be deemed a rejection of such applications and may be the basis of an appeal to the Board."

"REGULATION 65

"* * *

"Section II. When the Director refuses to issue, renew or transfer any permit he shall, by registered mail, return receipt requested, send to the person so refused, notice of such order at the address stated in such person's application and a copy of such notice to the attorney of record of the applicant. The notice shall set forth the reasons for his action, refer to the law or rule directly involved, and state that the party will be afforded a hearing by the Board if requested within thirty days from the time of mailing the notice. * * *"

The facts of the case at bar have been stipulated and they fall directly within the scope of these Regulations. On August 20, 1953, the appellant filed an application for a new class D-5 permit. There were at that time 161 Class D-5 permits issued and outstanding in the City of Columbus, Franklin County, Ohio. The number of Class D-5 permits issued and outstanding on April 11, 1949, was 165. Regulation 64. sometimes called the "freeze regulation," limits the number of permits of this class outstanding to the number which were outstanding on April 11, 1949. In the light of the Kenwood Country Club Case, No. 184,834, **CP 68 Abs 326,** of this Court, which held that applications must be accepted and processed until there were permits issued and outstanding up to the number called for by the "freeze regulation," it is clear that there were issuable four new Class D-5 permits on August 20, 1953, the day appellant filed his application.

On August 20, 1953, the date of appellant's application, there were on file with the Department eight other applications, all of which at that time had been on file in excess of seventy-five days. Counsel for the Department maintains that these applications are valid and that they are entitled to priority over the application of appellant because they were filed long before appellant's application. Counsel's position is that because these eight applications were filed first, they are entitled to priority, regardless of the length of time they may have been on file.

Appellant's application is the only application for which an appeal has been taken within the time limits specified by

Regulations 12 and 65. The problem then, reduced to its simplest terms, is this: Does the last paragraph of Section I in Regulation 12 automatically render void, **by operation of law,** all those applications for new permits which have been on file more than forty-five days, if no appeal is filed within thirty days as provided in the first paragraph of Section II of Regulation 65? We think it does.

The Court is of the opinion that the same principle used in construing statutes are of necessity used when the regulations of duly constituted boards are to be construed. Duly promulgated regulations of properly constituted boards, enacted under authority of statute, have the force and effect of law. When ambiguities appear in regulations, it is correct to apply the principles of statutory construction to give the regulations their proper meaning and effect, for if we cannot use principles of statutory construction to determine the meaning of regulations, we are without a means to ascertain the effect of ambiguous regulations. Although it may be said that the Board itself is the best interpreter of its own regulations, this Court is bound by the law to hear and decide appeals which necessarily require the Court to construe regulations enacted by the Board.

Counsel for the Department urges upon the Court the proposition that the last paragraph of Section II in Regulation 12 merely gives an applicant a right to appeal in two situations: (1) where the Department has neither approved nor rejected his application and (2) where the Department has rejected his application. Although counsel bases his contention upon Regulation 11 which, inter alia, provides that applications shall be processed in the order in which the same were filed, we cannot see that Regulation 11 in any way nullifies the explicit mandate in Regulation 12 where it is required that "all applications for all classes of permits shall be processed and either approved or rejected within forty-five (45) days from the date of filing, and notice of such action shall be sent to the applicant within said period of time. Failure of the Department to do so within said period of time shall be deemed a rejection * * *." In our view a well settled rule of construction is applicable to the language of Regulation 12, which is simply stated "words of a statute in common use will be construed in their ordinary acceptance and significance and with the meaning commonly attributed to them." **37 O. Jur. 542.** This rule applies with equal force to a regulation, and we cannot subscribe to the view that the Department did not intend to enact a regulation which they did enact.

The Court agrees with counsel for appellant in that the part of Regulation 12 in question is mandatory and not per-

missive. The word "shall" is used three times in this short paragraph. It is well established that "shall" is not permissive but mandatory in its usual connotation, especially when frequently repeated. **37 O. Jur. 326.** Furthermore, the section here under construction must be given a reasonable, not a strained or unnatural meaning, for the Board cannot be presumed to have intended to enact a regulation producing unreasonable or absurd consequences. **37 O. Jur. 643, et seq.** If the construction asked for by the appellee were placed on this regulation, applications filed a decade ago could be given preference simply because they were filed first.

Nor can the Court agree with the view that Regulation 11 is to be construed independently of Regulation 12. These two regulations, since they are concerned with the same subject, or object, namely, applications for new permits, are clearly in pari materia. They must be construed together. When Regulation 11 is read together with Regulation 12, it is easily understood that only valid applications not previously rejected by action of the Department or by operation of law, shall then be processed in the order in which the same were filed.

The order of the Board of Liquor Control is reversed as not in accordance with law. The Board is directed to receive and process applications for new permits which are filed and pending with the Board, in accordance with law and in compliance with this decision.