**DRUGAN, Plaintiff-Appellee, v. FLALER, Director, Department of Public Works, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5647. Decided February 4, 1958.

David E. Morgan, Columbus, for plaintiff-appellee.
William Saxbe, Atty. Genl., S. Noel Melvin, John W. Liebold, Asst. Attys. Genl., Columbus, for defendant-appellant.

(HORNBECK, J, of the Second District; DEEDS, and FESS, JJ, of the Sixth District, sitting by assignment in the Tenth District.)

**OPINION**

By DEEDS, J.

Appeal on questions of law and fact from a judgment of the Common Pleas Court permanently enjoining the defendant from removing plaintiff or interfering with her right to operate a concession stand in the State Office Building. A majority of this court is of the opinion that the finding and judgment in this court should be the same as that entered in the Common Pleas Court for the reasons stated in the opinion rendered by Judge Bartlett on November 9, 1956:

(For complete opinion see **CP 74 Abs 188.**)

Finding and judgment as in the Common Pleas Court.

HORNBECK, J, concurs.
FESS, J, dissents.

### DISSENTING OPINION
By FESS, J.

I concede that the reasoning employed by Judge Reynolds in his opinion overruling the demurrer and that of Judge Bartlett granting the injunction is persuasive, but it seems to me they ignore the fact that the plaintiff was not a tenant at will during good behaviour but by contract was entitled to occupy the premises for a fixed term and no more. Actually, the defendant is not "removing" plaintiff. He merely declines to renew her lease. Since there is no renewal clause in her lease. plaintiff disavows any intention or effort to obtain a renewal. Absent the statutory provisions for the blind, the Director could lease the concession to a stranger at the expiration of the term of the lease. The writer is not aware of any law which permits a tenant to occupy premises after his lease expires, or which entitles him to a renewal. It must be conceded that after her long period of satisfactory operation of the concession, the equities lie with the plaintiff. It is likewise conceded that the defendant would not violate the statutory provision by renewing plaintiff's lease. Certain practical considerations also arise under the judgment. What are to be the terms and conditions of her continued occupancy? Is she to be permitted to continue at will under continued satisfactory operation and, if so, how long? How is the amount of rent to be determined?

I would grant in part her action for a declaratory judgment by finding that under the terms of the statute the defendant is not bound to refuse to renew her lease and leave it to the parties to negotiate a renewal of their lease.