OPINION
Plaintiff-appellant, Barbara R. Wiethe, appeals a decision of the Warren County Court of Common Pleas, Probate Division, that denied her the right to purchase property in the estate of her deceased husband.
This case is the third of three cases that involve attempts to settle the estate of appellant's deceased husband, Charles Edward Beaty ("Beaty"). Our first review of the surrounding facts in this case began when we affirmed the trial court's determination that appellant was not entitled to set aside the prenuptial agreement she signed before her marriage. Wiethe v. Beaty (Feb. 16, 1999), Warren App. No. CA98-04-049, unreported, appeal not allowed In re Wiethe (1999), 85 Ohio St.3d 1499
("Wiethe I"). In our second decision, we determined that only one piece of property in the estate, a parking lot, was outside the terms of the prenuptial agreement. Wiethe v. Beaty (Nov. 20, 2000), Warren App. No. CA99-09-111, unreported ("Wiethe II").
The facts of the case now before us involve appellant's attempt to purchase four pieces of property from the estate. On September 17, 1999, appellant filed a petition in the trial court to purchase four pieces of real property as the surviving spouse. Appellant sought to purchase the estate's one-third interest in the parking lot, a parcel on Columbus-Cincinnati Road, a lot on Allen Road, and Beaty's interest in two lots in the "City Center" property. The estate filed a motion to deny appellant's petition on September 28, 1999. On September 29, 1999, the estate filed an application to sell two of the four pieces of property to a company, 120 City Center Ltd. This company is owned by members of the Fine family ("the Fines"). The sale of the property was arranged as an exchange for debt owed to the Fines by the estate. The trial court initially approved the estate's request to sell the parcels of land. However, on October 7, 1999, the trial court vacated the entry approving the sale when it realized that appellant's petition to purchase the property was pending.
The trial court held a hearing on appellant's petition to purchase the property on November 16, 1999. The court granted the parties time to attempt to settle the issue. Settlement negotiations were unsuccessful, and the trial court issued an order denying appellant's petition to purchase the property on February 7, 2000.
Appellant appeals the trial court's denial of her petition to purchase property as the surviving spouse of the estate and raises two assignments of error. Her first assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED THE SURVIVING SPOUSE'S PETITION TO PURCHASE THE THIRTEENTH STREET PARKING LOT FROM THE ESTATE OF CHARLES EDWARD BEATY.
In her first assignment of error, appellant contends that the trial court erred in denying her the right to purchase the parking lot. Appellant argues that she has a statutory right to purchase the parking lot because the trial court and this court have already ruled that the parking lot is outside the terms of the prenuptial agreement. Appellant also argues that none of the statutory reasons for denying her right to purchase property in the estate existed.
The statute at issue, R.C. 2106.16, provides in pertinent part:
 A surviving spouse, even though acting as executor or administrator, may purchase the following property, if left by the decedent, and if not specifically devised or bequeathed:
* * *
 (B) * * * any other real or personal property of the decedent not exceeding, with the decedent's interest in the mansion house and the decedent's title in the land used in conjunction with it, and the decedent's title in the household goods the spouse elects to purchase, one-third of the gross appraised value of the estate, at the appraised value as fixed by the appraisers.
* * *
 A spouse desiring to exercise this right of purchase with respect to an interest in real property shall file in the court a petition containing an accurate description of the real property and naming as defendants the executor or administrator, the persons to whom the real property passes by inheritance or residuary devise, and all mortgagees and other lienholders whose claims affect the real property or any part of it. * * *
 No hearing on the application or petition shall be held until the inventory is approved. On the hearing of the application or petition, the finding of the court shall be in favor of the surviving spouse, unless it appears that the appraisement was made as a result of collusion or fraud or that it is so manifestly inadequate that a sale at that price would unconscionably prejudice the rights of the parties in interest or creditors. The action of the court shall not be held to prejudice the rights of lienholders.
* * *
 The application or petition provided for in this section shall not be filed prior to filing the inventory required by section 2115.02 of the Revised Code or later than one month after the approval of that inventory. Failure to file an application or petition within that time nullifies the election with respect to the property required to be included, and the real or personal property then shall be free of the right granted in this section.
The statute provides a surviving spouse the right to purchase property in the estate subject to the conditions set forth in the statute. In this case, appellant timely filed her request to purchase property in the estate. The parking lot was not the subject of a specific bequest, nor are there any claims that the parking lot exceeds one-third of the gross appraised value of the estate. The trial court held a hearing on the matter and the estate had the opportunity to respond to the petition.
In its written decision, the trial court did not explain its rationale for denying appellant's petition. The trial court's decision and entry simply states: "Based on the written pleadings, the testimony and evidence presented, the Court finds said Petition to Purchase Real Property not well taken and the same is hereby denied."
The estate contends that appellant's rights pursuant to R.C. 2106.16 as a surviving spouse were extinguished by the prenuptial agreement. As support, the estate cites paragraph four of the agreement, which states that appellant waives and releases "all rights, claims, title, and interest, actual, inchoate or contingent, in law or in equity, which she might by reason of this marriage acquire in any property presently in Ed's name, property which shall be acquired by use of funds or proceeds from the disposition of assets now in Ed's name, or any other property acquired in the future solely in Ed's name."
The prenuptial agreement entered into by appellant and Beaty provided that appellant waived and released her rights in any property which was acquired after the marriage which was held solely in Beaty's name. The parking lot was acquired by Beaty and Tamara Fine after appellant's marriage to Beaty. The trial court found that the prenuptial agreement was binding on appellant, but that the parking lot was outside the terms of the prenuptial agreement because it was acquired after the marriage and was held in the names of Beaty and another party. In Wiethe I, we affirmed the trial court's decision that the prenuptial agreement was binding on appellant and that the parking lot was outside the prenuptial agreement. In Weithe II, we again noted that the parking lot was outside the terms of the prenuptial agreement.
Although appellant released all rights in the property specified in the agreement, the trial court held that the parking lot was outside the agreement, and we affirmed that decision. The cases cited by appellant are distinguishable because the property at issue in those cases was all within the terms of the prenuptial agreement. See Troha Sneller (1958),108 Ohio App. 153; Hook v. Hook (1982), 69 Ohio St.2d 234.
Because the parking lot was outside the agreement, appellant is entitled to assert her rights in that piece of property as a surviving spouse. As the surviving spouse of the estate, appellant received one-third of the estate's one-half interest in the parking lot.[1] In addition, appellant's right to share in this piece of property as a surviving spouse included all of the statutory rights, and in particular, the right to purchase real estate pursuant to R.C. 2106.16. Accordingly, we find that appellant was entitled to assert her right to purchase the parking lot.
We next examine whether any of the statutory conditions for denial of appellant's right to purchase the property existed. The statute provides that "the finding of the court shall be in favor of the surviving spouse, unless it appears that the appraisement was made as a result of collusion or fraud or that it is so manifestly inadequate that a sale at that price would unconscionably prejudice the rights of the parties in interest or creditors." (Emphasis added.)
It is axiomatic that when the word "shall" is used in a statute, it denotes that compliance with the commands of that statute is mandatory. The rule has been frequently and clearly stated: "In statutory construction, the word `may' shall be construed as permissive and the word `shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage." Ohio Dept. of Liquor Control v. Sons of ItalyLodge 0917 (1992), 65 Ohio St.3d 532, 535, quoting Dorrian v. SciotoConservancy Dist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus. Accordingly, the trial court was required to grant appellant's petition unless the evidence established one of the statutory reasons for denial.
The transcript of the hearing does not contain any evidence of collusion or fraud, nor any evidence that a sale at the price of the appraisal would prejudice the rights of any parties or creditors. The trial court questioned counsel for the estate on whether allowing appellant to purchase the property would harm the estate. The argument advanced by the estate at the hearing was that the Fines did not want appellant to own the estate's interest in the property. Counsel for the estate argued that appellant was already involved in litigation with the Fines and that the Fines did not want to "get back in bed with Ms. Wiethe on real estate."
Considering the history of this case and the amount of litigation and contention evident from the record between appellant and the estate, and the fact that the record indicates appellant has already been involved in litigation against the Fines, it is understandable that the Fines have reservations about appellant purchasing the estate's interest in the parking lot. However, the concerns of a co-owner of property in an estate are not a statutory reason for the denial of appellant's petition. The statute is clear in that unless one of the enumerated reasons for denial of the petition exists, the petition must be granted.
We note that in its brief, the estate contends that appellant's appeal is moot because the estate's interest in the property has been sold to the Fines. Appellant contends that the estate failed to follow Ohio law in the sale, that she was denied due process, that the sale was without jurisdiction of the probate court, that the property was sold for less than the appraised value and that the sale was done as a deliberate attempt to prevent appellant from purchasing the property. We note that appellant's appeal is not moot because she was denied a right granted to her by statute. However, the issues of the remedy for such denial and whether the sale was properly conducted are not properly before us. The estate conveyed the property after appellant had already appealed the trial court's decision to this court.
We find appellant was entitled to purchase the parking lot pursuant to R.C. 2106.16. We also find that the record contains no evidence to support any of the statutory reasons for denial of appellant's petition. Accordingly, we find that the trial court erred in denying appellant's petition to purchase the estate's interest in the parking lot. Appellant's first assignment of error is sustained.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE SURVIVING SPOUSE WHEN IT DENIED THE SURVIVING SPOUSE'S RIGHT TO PURCHASE 8560 COLUMBUS-CINCINNATI ROAD, ALLEN ROAD AND AN UNDIVIDED ONE-HALF INTEREST IN LOTS 3 AND 4, CITY CENTER PARK.
In her second assignment of error, appellant contends that the trial court erred in denying her petition to purchase three other parcels of property in the estate. In Wiethe II, we examined appellant's rights to estate property in relation to the prenuptial agreement. We found that the only piece of property outside the terms of the prenuptial agreement was the parking lot. Appellant relinquished her statutory rights as the surviving spouse to 8460 Columbus-Cincinnati Road, Allen Road, and the City Center Park property by entering into the prenuptial agreement. Accordingly, because appellant does not have a statutory right to purchase these three parcels, the trial court did not err in denying appellant's petition as to these properties.
 __________________________ WALSH, J.
POWELL, P.J., and VALEN, J., concur.
[1] Appellant received one-third of Beaty's one-half interest in the parking lot, or a total interest of one-sixth of the property. Her petition to purchase as a surviving spouse requested that she be granted the right to purchase the remaining two-thirds of the parking lot which is part of the estate.