This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Theresa Easter, appeals from the decision of the Summit County Court of Common Pleas, Juvenile Division, granting permanent custody to appellee, Summit County Children Services Board ("CSB"). This Court reverses and remands.
CSB first became involved with Easter in May 2000, when Easter voluntarily relinquished her daughter, Takeyla, to CSB because Easter was turning herself in on an outstanding warrant. Easter was homeless and had a history of drug addiction. Takeyla was seven years old at the time.
On May 15, 2000, CSB filed a complaint in Juvenile Court alleging Takeyla to be a neglected and dependent child. Easter stipulated to dependency, and Takeyla was placed in the temporary custody of CSB on July 21, 2000. A case plan was adopted by the Court for Easter to address her drug problems and obtain stable housing. On March 16, 2001, CSB filed a motion for a six-month extension of temporary custody. At a hearing held on the same date, CSB orally withdrew this motion and two days later moved for permanent custody of Takeyla. Trial was scheduled on the permanent custody motion for July 11, 2001. On April 21, 2001, Easter filed a motion for a six-month extension of temporary custody. The permanent custody trial was rescheduled for July 23, 2001, but Easter's motion was denied. On July 12, 2001, CSB filed an amended sunset motion asking for a six-month extension of temporary custody and for the court to hold the permanent custody motion in abeyance. The magistrate overrruled this motion without a hearing on July 16, 2001.
On July 23, 2001, the permanent custody trial was held. The magistrate issued his decision on July 27, 2001, awarding permanent custody to CSB. On August 9, 2001, Easter filed objections to the magistrate's decision. CSB did not file a response in opposition to Easter's objections. On October 29, 2001, Easter's objections were overruled by the trial court, and permanent custody of Takeyla was awarded to CSB.
Easter timely appealed, and she asserts two assignments of error for review. Easter's two assignments of error have been reversed for ease of discussion.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT CLEARLY ERRED AND ABUSED ITS DISCRETION IN GRANTING PERMANENT CUSTODY TO CSB, AND IN FAILING TO GRANT CSB A SIX-MONTH TEMPORARY CUSTODY EXTENSION, GIVEN THE ATTACHMENT OF THE CHILD TO MOTHER AND THAT THEIR RELATIONSHIP COULD HAVE BEEN PRESERVED WITH A PERMANENT PLAN OPTION OTHER THAN PERMANENT CUSTODY."
In her second assignment of error, Easter asserts that the trial court erred and abused its discretion in granting CSB permanent custody of Takeyla and in failing to grant CSB's motion for a six-month extension of temporary custody in order to pursue an alternative placement for her. This Court agrees.
On July 12, 2001, CSB filed a motion entitled Amended Sunset Motion: Motion for a Second Six Month Extension of Temporary Custody; Motion to Hold Permanent Custody Motion in Abeyance. In its motion, CSB petitioned the Court for a six-month extension of temporary custody in order to investigate alternative permanent placements of Takeyla with friends or relatives. CSB indicated this would be in Takeyla's best interests and also, there were compelling reasons for seeking an extension since CSB learned of two alternative placements and needed the time to further investigate them. CSB specifically listed the name of a long time family friend who had previously adopted a child through CSB and had space in her home for Takeyla. CSB further represented to the court that it believed a permanent disposition could be secured during the six-month extension. Four days later, without hearing on the matter, the magistrate denied CSB's motion stating: "The information contained in the motion contains no information which would lead this Court to believe that any possible alternative dispositions were not also alternative possible dispositions six months ago."
R.C. 2151.415(D)(1) and (2) provide that CSB may move the Juvenile Court for up to two six-month extensions. Upon motion for a six-month extension of temporary custody, the Juvenile Court shall set the matter for an evidentiary hearing to determine if an extension is warranted. R.C. 2151.415(D) specifically provides:
 "(1) If an agency pursuant to division (A) of this section requests the court to grant an extension of temporary custody for a period of up to six months, the agency shall include in the motion an explanation of the progress on the case plan of the child and of its expectations of reunifying the child with the child's family, or placing the child in a permanent placement, within the extension period. The court shall schedule a hearing on the motion, give notice of its date, time, and location to all parties and the guardian ad litem of the child, and at the hearing consider the evidence presented by the parties and the guardian ad litem. The court may extend the temporary custody order of the child for a period of up to six months, if it determines at the hearing, by clear and convincing evidence, that the extension is in the best interest of the child, there has been significant progress on the case plan of the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise permanently placed within the period of extension. In determining whether to extend the temporary custody of the child pursuant to this division, the court shall comply with section 2151.42 of the Revised Code. If the court extends the temporary custody of the child pursuant to this division, upon request it shall issue findings of fact.
 "(2) Prior to the end of the extension granted pursuant to division (D)(1) of this section, the agency that received the extension shall file a motion with the court requesting the issuance of one of the orders of disposition set forth in divisions (A)(1) to (5) of this section or requesting the court to extend the temporary custody order of the child for an additional period of up to six months. If the agency requests the issuance of an order of disposition under divisions (A)(1) to (5) of this section or does not file any motion prior to the expiration of the extension period, the court shall conduct a hearing in accordance with division (B) of this section and issue an appropriate order of disposition. In issuing an order of disposition, the court shall comply with section 2151.42 of the Revised Code.
 "If the agency requests an additional extension of up to six months of the temporary custody order of the child, the court shall schedule and conduct a hearing in the manner set forth in division (D)(1) of this section. The court may extend the temporary custody order of the child for an additional period of up to six months if it determines at the hearing, by clear and convincing evidence, that the additional extension is in the best interest of the child, there has been substantial additional progress since the original extension of temporary custody in the case plan of the child, there has been substantial additional progress since the original extension of temporary custody toward reunifying the child with one of the parents or otherwise permanently placing the child, and there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise placed in a permanent setting before the expiration of the additional extension period. In determining whether to grant an additional extension, the court shall comply with section 2151.42 of the Revised Code. If the court extends the temporary custody of the child for an additional period pursuant to this division, upon request it shall issue findings of fact."
The Supreme Court of Ohio has stated:
 "It is axiomatic that when it is used in a statute, the word `shall' denotes that compliance with the commands of that statute is mandatory. The rule has been stated frequently and clearly: `In statutory construction, the word "may" shall be construed as permissive and the word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage.'"
Department of Liquor Control v. Sons of Italy Lodge 0917 (1992),65 Ohio St.3d 532, 534, citing Dorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102, paragraph one of the syllabus.
Obviously, the purpose in holding a hearing is to determine what is in the best interests of the child, whether to pursue permanent custody now, continue working with the parent, or pursue alternative disposition. This was especially critical here since Takeyla, eight years old at the time of the motion, loved her mother very much, and clearly expressed she wanted to be with her mother.
CSB requested an additional six-month extension in order to investigate alternative placements for Takeyla. According to the motion, CSB had found a possible alternative disposition to permanent custody being awarded to CSB. CSB indicated that this was in Takeyla's best interest. The trial court denied the motion four days later without holding a hearing. In that R.C. 2151.415(D)(1) and (2) requires the court to schedule a hearing, receive evidence and make a determination based thereon, the trial court erred in not holding a hearing and summarily denying CSB's motion for a six-month extension of custody. Easter's second assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT CLEARLY ERRED IN FAILING TO APPOINT COUNSEL FOR THE CHILD, TAKEYLA COLLINS, OR MINIMALLY, IN INVESTIGATING THE MATTER FURTHER, UPON RECEIVING NOTICE THAT HER WISHES DIFFERED FROM THOSE OF THE GUARDIAN AD LITEM."
Easter's first assignment of error is rendered moot by our disposition of the second assignment of error and need not be addressed. See App.R. 12(A)(1).
Easter's second assignment of error is sustained. The judgment of the Common Pleas Court, Juvenile Division is reversed, and the cause remanded for proceedings consistent with this opinion.
BAIRD, J., BATCHELDER, J. CONCUR.