OPINION
{¶ 1} Gemini Energy, Inc. ("Gemini"), appeals from a decision of the Franklin County Court of Common Pleas which reversed an order of the Oil and Gas Commission ("Commission"). *Page 2 
 {¶ 2} On September 6, 1999, Gemini filed a Certificate of Deposit in the amount of $15,000 to meet the requirements of R.C. 1509.07. The Chief of the Division of Mineral Resources Management of the Ohio Department of Natural Resources ("Chief") issued Order 2002-02, on January 17, 2002, which ordered Gemini to place into production or plug 34 wells. In November 2002, Gemini had failed to comply with the order and Chief's Order 2002-67 was issued ordering forfeiture of the Certificate of Deposit. (Tr. at 90, 92.)
 {¶ 3} Gemini appealed the forfeiture order to the Commission and, rather than enforce the bond forfeiture order, a consent agreement was entered into and adopted by the Commission which required Gemini to complete 11 items, including updating the signs located at the wells and placing into production or plugging several wells. The consent agreement provided deadlines for each condition. The forfeiture proceedings initiated through Chief's Order 2002-67 were dismissed, and Chief's Order 2002-02 was rescinded. (Tr. at 94.)
 {¶ 4} After finding that Gemini failed to comply with the consent agreement and that the idle wells posed a threat to the public health, safety, and the environment, Chief's Order 2004-38 was issued on May 25, 2004, ordering forfeiture of the Certificate of Deposit.
 {¶ 5} Gemini appealed Order 2004-38 to the Commission, which found the order reasonable, but unlawful, and vacated the order. The State of Ohio, Division of Mineral Resources of the Department of Natural Resources, appealed to the Franklin County Court of Common Pleas, which reversed the Commission's order. *Page 3 
 {¶ 6} Gemini filed a notice of appeal and raised the following assignments of error:
 [I.] THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED IN REVERSING THE DECISION OF THE OIL AND GAS COMMISSION WHICH PROPERLY VACATED THE DIVISION CHIEF'S UNLAWFUL ORDER OF FORFEITURE.
 [II] THE COMMON PLEAS COURT ERRED IN REVERSING THE DECISION OF THE OIL AND GAS COMMISSION AS THE ATTEMPTED FORFEITURE BY THE CHIEF OF THE DIVISION OF MINERAL RESOURCES WAS AN UNCONSTITUTIONAL VIOLATION OF THE EXCESSIVE FINES AND DUE PROCESS CLAUSES OF BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
 [III] THE COMMON PLEAS COURT COMMITTED REVERSIBLE ERROR BY FAILING TO FOLLOW THE SPECIFIC REQUIREMENTS OF R.C. § 1509.37, AS THE COURT MADE ITS DECISION AND ENTRY WITHOUT FIRST CONDUCTING A PREFERENTIAL HEARING OR PROCEEDING AS IN THE TRIAL OF A CIVIL ACTION.
 {¶ 7} The standard of review of an appeal to the common pleas court from the commission is whether the order was reasonable and lawful.Johnson v. Kell (1993), 89 Ohio App.3d 623, 625. In Johnson, this court based the standard of review on R.C. 1509.37, which provides that, "[i]f the court finds that the order of the commission appealed from was lawful and reasonable, it shall affirm the order. If the court finds that the order was unreasonable or unlawful, it shall vacate the order and make the order that it finds the commission should have made." "Unlawful" is defined as that which is not in accordance with law, and "unreasonable" is defined as that which is not in accordance with reason or that which has no factual foundation. Johnson, at 626, citingCitizens Commt. v. Williams (1977), 56 Ohio App.2d 61, 70. *Page 4 
 {¶ 8} The standard of review for this court was set forth inLorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, as follows:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193 * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer
(1970), 23 Ohio St.2d 82 * * *.
 The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
 {¶ 9} On questions of law, however, the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 10} The first and second assignments of error are related and shall be addressed together. By the first assignment of error, Gemini contends that the common pleas court abused its discretion and erred in reversing the decision of the Commission which properly vacated the Chief's unlawful order of forfeiture. Gemini cites the incorrect standard of review for this court because this issue is a question of law, determining what the statutes require, and, thus, our review is plenary. By the second assignment of error, Gemini contends that the common pleas court erred in reversing *Page 5 
the decision of the Commission because the attempted forfeiture by the Chief was an unconstitutional violation of the excessive fines and Due Process Clauses of both the Ohio and United States Constitutions.
 {¶ 11} At the hearing before the Commission, Gemini presented evidence that they had been working toward completing the 11 tasks, however, there had been unexpected delays beyond its control, due to weather, finding contractors, obtaining parts, etc. Gemini's owner testified he had invested approximately $85,000 and estimated would be investing $75,000 to $100,000 more to complete the tasks. (Tr. at 162.) He wanted the Commission to grant him additional time to complete the tasks. (Tr. at 167.)
 {¶ 12} The Commission found, at 7-8, as follows:
 The bond required under O.R.C. § 1509.071 is a performance bond, providing funds to insure the plugging of non-productive wells. This is not a penal bond, and the forfeiture of the bond is not allowed as a means of punishing an operator.
 * * *
 * * * However, Gemini has not complied with the terms of its agreement and has not acted within the designated time frames. As Gemini has failed to comply with its agreement, it is not unreasonable for the Division to order the forfeiture of Gemini's blanket performance bond.
 While it may have been reasonable for the Division to order forfeiture, the Commission is troubled by the Division's testimony that the forfeiture of Gemini's blanket bond was intended as a penalty to Gemini. The language of O.R.C. § 1509.07 does not identify the blanket bond as a penal bond. Therefore, to the extent that the Division applies forfeiture as a means of penalizing an operator, the Division operates outside of the provisions of O.R.C. § 1509.07 and O.R.C. § 1509.071. *Page 6 
 In order to affirm a decision of the Chief, the Commission must find that the Chief's order was both reasonable and lawful. The Division's attempt to forfeit Gemini's performance bond as a penalty is unlawful and cannot be supported by the Commission.
 {¶ 13} The common pleas court cited Piqua v. Ohio Farmers Ins.Co. (1992), 84 Ohio App.3d 619, for a definition of a penal bond as a promise to pay a sum of money as a penalty in the event of non-performance, and there is no obligation to pay unless performance has failed. Thus, the common pleas court concluded that any forfeiture of a bond can be considered a penalty, but a penalty invoked for non-performance. See May 22, 2006 Decision and Entry. The common pleas court stated, at 6-7, as follows:
 The combination of circumstances in this action warrant reversal of the Commission Order. The history of events evidences that the decision to declare a forfeiture of the deposited money was reasonable and the Commission found it to be reasonable. Noncompliance by Gemini was not specific to the original order, but to one that they negotiated with the Division. No evidence suggests that Gemini attempted to have extensions of time to complete their obligations. Factually, the Chief had factual support to order forfeiture.
 Legally, the statute could not be clearer. If noncompliance occurs, the chief shall declare the posted bond forfeit. While the Chief may have other avenues to follow to levy a penalty against the owner, the statute does not make a distinction as to whether the Chief intends the forfeiture to be a penalty or to provide funds for plugging. The Division acknowledged that Gemini was still liable for plugging or producing the wells unless circumstances indicate they were financially unable to do so. If that were the case, funds would be used by the state, including forfeited funds, to plug the wells. It is concluded that the Commission grafted a provision onto the statute that does not appear, nor does it fall within the reasonable connotation of the language. *Page 7 
 After review of the record and arguments of counsel, the Court finds that the Order of the Commission is in error of law. * * *
 {¶ 14} R.C. 1509.07 provides, as follows:
 Except as otherwise provided in this section, an owner of any well, before being issued a permit under section 1509.06 of the Revised Code, shall execute and file with the division of mineral resources management a surety bond conditioned on compliance with the restoration requirements of section 1509.072 [1509.07.02], the plugging requirements of section 1509.12, the permit provisions of section 1509.13 of the Revised Code, and all rules and orders of the chief relating thereto, in an amount set by rule of the chief.
 The owner may deposit with the chief, instead of a surety bond, cash in an amount equal to the surety bond as prescribed pursuant to this section or negotiable certificates of deposit or irrevocable letters of credit, issued by any bank organized or transacting business in this state or by any savings and loan association as defined in section 1151.01 of the Revised Code, having a cash value equal to or greater than the amount of the surety bond as prescribed pursuant to this section. Cash or certificates of deposit shall be deposited upon the same terms as those upon which surety bonds may be deposited. * * *
 {¶ 15} R.C. 1509.071 provides, as follows:
 (A) When the chief of the division of mineral resources management finds that an owner has failed to comply with the restoration requirements of section 1509.072 [1509.07.2], plugging requirements of section 1509.12, or permit provisions of section 1509.13 of the Revised Code, or rules and orders relating thereto, the chief shall make a finding of that fact and declare any surety bond filed to ensure compliance with those sections and rules forfeited in the amount set by rule of the chief. The chief thereupon shall certify the total forfeiture to the attorney general, who shall proceed to collect the amount of the forfeiture.
(Emphasis added.) *Page 8 
 {¶ 16} Gemini has raised the issue that the forfeiture of the bond constitutes a penalty, as the Commission found, and, thus, is unconstitutional as a violation of the excessive fines and Due Process Clauses of both the Ohio and United States Constitutions. "[A] penalty is a sum of money exacted by way of punishment for doing some act which is prohibited, or omitting to do something which is required to be done." The Toledo, Columbus Ohio River R.R. Co. v. Miller (1923),108 Ohio St. 388, 397. A statute which requires payment of a fixed sum greater than actual damage may constitute a penalty. Cincinnati,Sandusky Cleveland R.R. Co. v. Cook (1881), 37 Ohio St. 265, 270. However, a performance bond is "a bond in a stated penal amount, securing the performance of a contract and may include other provisions, such as security for payment of materialmen and laborers." State ex rel.Edwards v. Kohli (Dec. 31, 1975), Franklin App. No. 75AP-303. A performance bond by its very nature is not a penalty bond unless the amount to be forfeited is substantially in excess of the amount necessary to secure performance. The purpose of the surety bond under R.C. 1509.07 is to insure compliance with the requirements of R.C.1509.072, 1509.12, and 1509.13, as well as the rules and orders of the Chief. Century Surety Co. v. Tugend (Mar. 30, 2000), Franklin App. No. 99AP-135. The Deputy Chief for the Division of Mineral Resources Management testified that the Division viewed the bond as a penalty bond for noncompliance with R.C. Chapters 1509 or 1501. (Tr. at 81.) The Commission used that finding to find the forfeiture unlawful. However, the Chief's intention as to the bond is irrelevant. The issue is the meaning of the statute. If the fixed bond amount was substantially in excess of the amount necessary to place in production or plug the wells, the bond might be construed as a penalty. However, in *Page 9 
this case, the $15,000 covered approximately 34 wells. Gemini's owner testified he had invested approximately $85,000 and estimated it would cost $75,000 to $100,000 to complete the tasks. The $15,000 performance, therefore, does not constitute a penalty or excessive fine.
 {¶ 17} Further, the statute requires the Chief to make a finding that the owner has failed to comply with the requirements of R.C. 1509.072,1509.12 or 1509.13, and declare the surety bond forfeited. There is no discretion involved because the statute provides that the Chief "shall," and "shall," when used in a statute, indicates that compliance with the statute is mandatory. Ohio Dept. of Liquor Control v. Sons of ItalyLodge 0917, 65 Ohio St.3d 532, 534, 1992-Ohio-17. The original order concerning these wells had been issued in January 2002, but this forfeiture order had not been issued until May 2004. Gemini had not requested any extensions of time to complete the remaining tasks. (Tr. at 96-99.) We find that the statutes provide for a performance bond which is not in the nature of an "excessive fine." The statute is clear that the Chief shall make a finding that the owner has failed to comply with the requirements of R.C. 1509.072, 1509.12 or 1509.13 and declare the surety bond forfeited to the extent determined by the Chief to be necessary. In this case, Gemini admitted that it had not fully complied with the order, but was working toward compliance. The Chief found that Gemini had not complied and ordered forfeiture pursuant to the statute. The amount "forfeited" is not excessive in light of the evidence it would take $75,000 to $100,000 to complete compliance. The common pleas court did not abuse its discretion in reversing the Commission's order. Gemini's first and second assignments of error are not well-taken. *Page 10 
 {¶ 18} By the third assignment of error, Gemini contends that the common pleas court committed reversible error by failing to follow the specific requirements of R.C. 1509.37, as the court made its decision and entry without first conducting a preferential hearing or proceeding as in the trial of a civil action. R.C. 1509.37 provides, as follows:
 Any party adversely affected by an order of the oil and gas commission may appeal to the court of common pleas of Franklin county. * * *
 * * *
 * * * The court shall conduct a hearing on the appeal and shall give preference to the hearing over all other civil cases irrespective of the position of the proceedings on the calendar of the court. The hearing in the court shall proceed as in the trial of a civil action and the court shall determine the rights of the parties in accordance with the laws applicable to such an action. At the hearing counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.
 {¶ 19} The statute does not specify that an oral hearing is required, only that the court shall conduct a hearing and that, at the hearing, counsel "may" be heard on oral argument, but does not require oral argument. In Karas v. The State of Ohio (Sept. 11, 1979), Franklin App. No. 79AP-37, this court did not determine whether a formal hearing is required by R.C. 1509.37, but determined that the failure to hold an oral argument was not prejudicial where the parties had filed written briefs but did not request the submission of additional evidence.
 {¶ 20} In this case, as in Karas, the parties did file written briefs. However, neither party requested the submission of additional evidence nor requested an oral hearing. Gemini has demonstrated no prejudice, since the alleged errors are matters *Page 11 
that must be determined by a review of the law and any oral argument to the court could not change that law, even if there was a right to an oral hearing. Gemini's third assignment of error is not well-taken.
 {¶ 21} For the foregoing reasons, Gemini's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1