JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Plaintiff-appellant, Kelvin Whittington, appeals from a summary judgment in favor of defendant-appellee, city of Cleveland, on his replevin complaint for the return of a truck that he claimed had been illegally forfeited in CR-473802, a criminal case involving his brother, Darryl. Whittington alleged that he had no notice that his truck had been forfeited and that Darryl lacked authority to transfer title of the truck to the state. The court granted summary judgment to the city and this appeal followed.
 {¶ 2} We find that the court erred by granting summary judgment on Whittington's replevin claim because a genuine issue of material fact existed under Civ. R. 56(C) as to whether Darryl had properly "signed over" title of the truck to the city.
 {¶ 3} A replevin action is essentially a claim of ownership in which a person with the right to immediate possession of property seeks to recover possession of that property. Superior Piping Contrs., Inc. v.Reilly Industries, Inc., Cuyahoga App. No. 90751, 2008-Ohio-4858, ¶ 37. "The right of possession of the property because of title or interest in it is an essential element in a Replevin action." J J Truck andTrailer Repair, Inc. v. Cyphers (Dec. 12, 1980), Montgomery App. No. 6625, at 3.
 {¶ 4} Whittington showed a right of possession in the truck. The facts, when viewed in a light most favorable to Whittington, show that Darryl approached *Page 3 
Whittington about forfeiting the truck as part of a plea bargain in the criminal case. Whittington told Darryl that the state could only have the truck if Darryl paid him for it and that at no time did Darryl pay for the truck. The transcript of Darryl's criminal case shows that Darryl's defense attorney told the court that he had turned over title of the truck to the state. In a telling omission in its motion for summary judgment, the city failed to offer a certificate of title to substantiate ownership or any other evidence to establish its right of possession. Whittington, on the other hand, offered evidence showing that the truck had been titled in his name and that Darryl did not meet his conditions for allowing the truck to be forfeited. This evidence shows that reasonable minds could differ on the issue of ownership, so the court erred by granting summary judgment.
 {¶ 5} Admittedly, Whittington did not strictly comply with the requirements of R.C. 2737.03 when seeking replevin. Nonetheless, we are guided by the principle that forfeitures of property are generally disfavored by the law, and when possible an individual's property rights are preferred over forfeiture statutes. Dept. of Liquor Control v. Sonsof Italy Lodge 0917 (1992), 65 Ohio St.3d 532, 534. Whittington's failure to adhere to all of the niceties of the replevin law should not take precedence over facts that strongly suggest on the record before us that his property had been wrongfully forfeited.
 {¶ 6} Finally, we reject the city's assertion that Whittington's replevin action was barred by res judicata because he should have attacked the forfeiture *Page 4 
in Darryl's criminal case. Viewing the evidence in a light most favorable to Whittington, we find reasonable minds could differ on whether Whittington knew that Darryl forfeited the truck as part of the plea bargain. Whittington knew that Darryl had agreed to forfeit the truck in his plea bargain, but Whittington did not give Darryl definitive permission to use the truck. The evidence shows that Whittington insisted that Darryl pay for the truck as a condition precedent to allowing it to be forfeited. Darryl did not pay for the truck, so Whittington had every right to think that his truck had not been forfeited. Given the city's failure to offer any proof of ownership, the application of res judicata would achieve neither fairness nor justice. Cf. State v. Simpkins, 117 Ohio St.3d 420,2008-Ohio-1197, ¶ 25 (finding res judicata is a rule of "fundamental and substantial justice" to be applied in particular situations as fairness and justice require, and "that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice[.]").
 {¶ 7} Judgment reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellees his costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., CONCURS.
COLLEEN CONWAY COONEY, A.J., DISSENTS WITH SEPARATE OPINION.